HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONIA RODRIGUEZ,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, GROUP WELFARE BENEFITS PLAN OF CONCUR TECHNOLOGIES, and CONCUR TECHNOLOGIES, INC.,

    Defendant.

CASE NO. 3:18-cv-5674-RBL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS UNDER 12(B)(6) AND GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E)

**INTRODUCTION**

THIS MATTER is before the Court on Defendants Group Welfare Benefits Plan of Concur Technologies and Concur Technologies, Inc.'s (collectively "Concur") Motion to Dismiss with Prejudice and for a More Definite Statement. Dkt. #21. The underlying dispute in this case concerns the alleged denial of benefits in violation of the Employee Retirement Income Security Act of 1974 (ERISA).

According to the Complaint [Dkt. #1], Sonia Rodriguez was involved in a car accident on November 16, 2013, while working for Concur. She suffered neck and back injuries and

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS UNDER 12(B)(6) AND GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) - 1

obtained surgery on August 13, 2014, which still left her with significant issues. The Social Security Administration deemed Rodriguez disabled on April 2, 2014. Prudential Insurance Company of America deemed Rodriguez disabled under Concur's Group Welfare Benefits Plan on August 7, 2014. Nonetheless, at some point after this, Rodriguez was denied benefits under the Plan. Rodriguez alleges that this denial was the result of flawed "surveillance" of her activities that was conducted in January 2015, July 2015, and April 2016. Rodriguez also claims that her lawyers requested various information and materials related to Rodriguez's file and the Plan from Prudential on December 27, 2016. However, no documents were provided.

In their Motion, Concur first challenges Rodriguez's claims for injunctive relief under § 1132(a)(3), arguing that the requested injunctions are duplicative of her request for monetary damages and do not allege the required type of "systemic" violation of fiduciary duties. Next, Concur argues that Rodriguez's claim for penalties under § 1132(c) fails because she does not allege that her request for information and materials was a written request directed to the Plan administrator. Finally, Concur contends that Rodriguez must provide a more definite statement of the grounds for her first claim under § 1132(a)(1)(B). According to Concur, the Complaint currently does not provide fair notice because it fails to allege when Rodriguez was denied benefits or which defendant was responsible for which aspect of the alleged misconduct.

For the reasons described below, Concur's Motion to Dismiss with Prejudice is GRANTED in part and DENIED in part. Concur's Motion for a More Definite Statement is GRANTED.
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS UNDER 12(B)(6) AND GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) - 2

# DISCUSSION

**1.     Legal Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192

(9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**2.     Claim for Equitable Relief under § 1132(a)(3)**

The second claim in the Complaint requests equitable relief under 29 U.S.C. § 1132(a)(3) in the form of "an injunction barring Defendant from relying on the medical reports Prudential obtained . . . [,] barring Defendants from enforcing any LTD benefits termination or appeal denial utilizing as support the medical reports Prudential obtained . . . [,] [and] ordering Defendants to pay [Rodriguez] her LTD benefits under The Plain." Dkt. #1, at 11. Concur argues that this claim must be dismissed because § 1132(a)(3) is a "catchall" that can only be invoked when other sections of § 1132 do not adequately address the plaintiff's injury, which is not the case here. Concur also argues that Rodriguez has not pled the kind of "systemic wrongdoing" required for an ERISA breach of fiduciary duty claim. In response, Rodriguez simply quotes § 1132(g)(2)(E)'s statement that courts may award "such other legal and equitable relief the Court deems appropriate." She does not discuss § 1132(a)(3), which is the basis of claim II in the Complaint.

To state a claim for breach of fiduciary duties under ERISA, "a plaintiff must allege that the denial of benefits is part of a larger systemic breach of fiduciary obligations in order to

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
UNDER 12(B)(6) AND GRANTING
DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT UNDER RULE 12(E) - 4

advance a claim for breach of fiduciary duty based on the denial of his individual benefits." *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1165 (W.D. Wash. 2014) (citing *Amalgamated Clothing & Textile Workers Union, AFL–CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir.1988)). In addition, § 1132(a)(3) may only be used to "fashion a remedy that 'inures to the benefit of the plan as a whole.'" *Amalgamated Clothing*, 861 F.2d at 1413-1414 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)).

As for individual equitable relief under § 1132(a)(3), such relief "is available only when no alternative means of relief, such as for monetary damages under § 1132(a)(1)(B), are available." *Nielsen*, 58 F. Supp. 3d at 1165 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)) (dismissing equitable relief claim with prejudice); *see also Providence Health Sys.-Washington v. Bush*, 461 F. Supp. 2d 1226, 1232 (W.D. Wash. 2006) ("ERISA does not provide a cause of action for legal actions for monetary damages disguised as suits in equity.").

Here, Rodriguez's request for an "injunction ordering Defendants to pay her LTD benefits under The Plan" is clearly a request for legal damages masquerading as injunctive relief. Dkt. #1, at 11. ERISA does not provide for such relief when a plaintiff has already invoked § 1132(a)(1)(B), as Rodriguez does in her first claim. Rodriguez's appeal to 1132(g)(2) is irrelevant because that provision specifically concerns actions brought *by* a fiduciary, which Rodriguez is not.

Rodriguez's request for injunctions barring reliance on the medical reports Prudential obtained are likewise problematic. While Rodriguez does allege that Defendants have a "long history of employing" consultants that produce biased reports that enable denial of claims, the remedy that Rodriguez requests is specific to her and would not benefit other members of the Plan. It therefore runs afoul of the holdings of *Amalgamated Clothing* and *Russell* that relief

under § 1132(a)(3) must "inure to the benefit of the plan as a whole." 861 F.2d at 1413-1414; 473 U.S. at 140.

Because Rodriguez's request for an injunction ordering payment of benefits is fatally flawed and duplicative with her § 1132(a)(1)(B) relief, the Motion to Dismiss with Prejudice is granted as to that claim. It is denied as to the remaining claims for injunctive relief and Rodriguez shall be granted leave to amend within 21 days to address the shortcomings described above.

### 3. Claim for Statutory Penalties under § 1132(c)

Concur argues that Rodriguez's fourth claim for penalties resulting from Concur's alleged failure to furnish requested documents relevant to Rodriguez's claim must also be dismissed. Concur contend that the Complaint fails to allege that Rodriguez directed a *written* request to the plan administrator, which is Concur. Rodriguez responds that the Complaint does allege that Concur received the request through its attorney. Dkt. #1, at 12. Rodriguez also argues that the letter was directed to Concur's Bellevue address that was indicated on the Summary Plan Description in Rodriguez's possession.

Section 1132(c)(1) provides that plan participants can recover up to $110 per day if the plan administrator "fails or refuses to comply with a request for any information which such administrator is required . . . to furnish to a participant or beneficiary . . . within 30 days after such request [has been made]."[1] The requirements invoked by Rodriguez come from § 1024(b)(4), which states, "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual

---

[1] The amount of $100 that is in the statute was increased to $110 by 29 C.F.R. § 2575.502c–1.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
UNDER 12(B)(6) AND GRANTING
DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT UNDER RULE 12(E) - 6

report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." Courts have held that a plaintiff must allege that they sent a *written* request to state a claim under § 1132(c)(1). *Anderson v. Sun Life Assur. Co. of Canada*, No. CV-12-145-TUC-CKJ, 2012 WL 5392268, at *4 (D. Ariz. Nov. 5, 2012); *Serpa v. SBC Telecommunications, Inc.*, 2004 WL 3204008, at *3 (N.D.Cal.2004) (stating that the plaintiff "must identify a specific, *written* request for plan documents"). The request must also "provide the plan administrator with clear notice of what information the beneficiary desires." *Serpa*, 2004 WL 3204008, at *3 (internal quotation marks omitted). Only the plan administrator may be held liable under § 1132(c). *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 298-99 (9th Cir. 1989).

Here, Concur is correct that the Complaint does not clearly allege a specific, written request for information consistent with § 1024(b)(4). However, this should be easily remedied through amendment. The Court also disagrees with Concur's reading of *Moran* as holding that a plaintiff must have directed their request to the administrator. *Moran*'s holding addressed who can be sued under § 1132(c) and the statutory definition of "plan administrator." *See* 872 F.2d at 298-99. In contrast, neither § 1132(c)(1) nor § 1024(b)(4) explicitly state that the request must be "directed" to the administrator. Nonetheless, if Rodriguez did direct her request to Concur, she would be advised to allege as much in her amended complaint.

**4.      Concur's Motion for a More Definite Statement under Rule 12(e)**

Concur argues that the allegations in Rodriguez's first claim for monetary damages under § 1132(a)(1)(B) are insufficient to put the defendants on notice of the grounds for Rodriguez's claims. More specifically, Concur contends that the allegations fail to state the date that benefits were discontinued and fail to identify which defendant did what. To justify the need for more

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS
UNDER 12(B)(6) AND GRANTING
DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT UNDER RULE 12(E) - 7

information, Concur points to the requirements that ERISA actions may only be brought against an appropriate defendant based on their individual liability and are subject to a contractual periods of limitations. *See Townsley v. Lifewise Assurance Co.*, No. C15-1228-JCC, 2016 WL 1393548, at *1 (W.D. Wash. Apr. 8, 2016); *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011). Rodriguez does not object to Concur's request for a more definite statement.

Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Concur is correct that the Complaint fails to identify when exactly Rodriguez was deemed ineligible for benefits. In the facts section, the Complaint jarringly moves from explaining how Prudential and the Social Security Administration deemed Rodriguez "disabled" to alluding to how Prudential "cherry picked the facts" and referring to Prudential's "denial letters." Dkt. #1, at 4-5. A key missing fact is *when* such denial letters were issued. Rodriguez must address this issue in her amended complaint. She should also, to the extent possible, describe which aspects of the allegedly unlawful conduct each defendant (or both) was responsible for.

**CONCLUSION**

For the above reasons, the Motion to Dismiss with Prejudice [Dkt. #21] is (1) GRANTED with respect to Rodriguez's claim for an injunction ordering Defendants to pay her benefits under the Plan and (2) DENIED as to all other claims. The Motion for a More Definite Statement [Dkt. #21] is GRANTED. Rodriguez shall file an amended complaint addressing the shortcomings with her remaining requests for injunctive relief under § 1132(a)(3), her claim for

§ 1132(c) penalties, and her claim for monetary damages under § 1132(a)(1)(B), as described in this Order. The amended complaint must be filed within 21 days of this Order.

IT IS SO ORDERED.

Dated this 5th day of March, 2019.

Ronald B. Leighton
United States District Judge